134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donnie Wayne DURRETT, Plaintiff-Appellant,
v.
Ruben CEDENO; James Thatcher; Robert Lynn, Religious
Manager; Tana Wood, Superintendent; William
Peck, Chaplin; Ione Streck, Property
Sergeant, Defendants-Appellees.
 No. 96-36137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
Decided Jan. 15, 1998.
 
 Before BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donnie Wayne Durrett, a Washington state prisoner, appeals pro se the district court's grant of summary judgment on his 42 U.S.C. § 1983 action alleging interference with his free exercise of religion in violation of the First Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 Durrett stated that prison officials interfered with his free exercise of religion by prohibiting him from wearing a wedding ring with gemstones. Prison officials submitted uncontroverted evidence that rings with gemstones posed a number of risks to security and internal order. Accordingly, the district court did not err by granting summary judgment for defendants on Durrett's First Amendment claim. See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.1997); Standing Deer v. Carlson, 831 F.2d 1525, 1528 (9th Cir.1987).
 
 
 4
 We have considered Durrett's remaining claims and reject them as without merit.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3